**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02210-CMA-MJW

CHARLES RUSSELL EVERETT,

Plaintiff,

v.

PAR TECHNOLOGY CORP.,

Defendant.

---

**STIPULATED PROTECTIVE ORDER** ( Docket No 31-1 )

---

This matter comes before the Court on Plaintiff Charles Russell Everett ("Everett" or "Plaintiff"), and Defendant PARTech, Inc., ("PARTech" or "Defendant"), collectively the Parties', Stipulated Motion for Entry of a Stipulated Protective Order. The parties have shown good cause in support of the entry of a protective order.

Therefore, IT IS ORDERED:

1.      This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation disclosures, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery rights and duties under the Federal Rules of Civil Procedure.

2.      As used in this Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A), and specifically includes electronically-stored information and identical duplicates of documents.

3.      Information designated "CONFIDENTIAL" shall be information that implicates common law and/or statutory privacy or confidentiality interest such as: (a) personnel and payroll records of current or former employees of PARTech; (b) PARTech's trade secrets and commercial, financial, or insurance information; (c) Plaintiff's personal financial or medical information; and (d) any other material qualifying for protection under Fed. R. Civ. P. 26(c).

4.      As a condition of designating documents for confidential treatment, the documents must be reviewed by a party or its legal counsel and a good faith determination must be made that the document is entitled to protection.

5.      A party designating documents as CONFIDENTIAL may do so by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL" on every page containing confidential information.

6.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, such designation shall be made on the record during the deposition whenever possible. A party may designate portions of a deposition as CONFIDENTIAL after transcription by providing written notice to the other party within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.      A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party that designated the disputed information within twenty (20) days. If the parties cannot resolve the objection within ten (10) business days, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order. If such a

*[handwritten: consistent with DC Colo.L.CivR 7.2,]*

*[handwritten margin: MJW 3-3-16]*

2

motion is timely filed, the disputed information shall be treated as CONFIDENTIAL until the Court rules on the motion. In the event of such a dispute, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL under this Stipulated Protective Order. Any designation of confidentiality or challenge of a designation of confidentiality shall be governed by Fed. R. Civ. P. 26(c)(1).

       8.     CONFIDENTIAL documents, materials, and information shall not be disclosed or used by the party receiving them for any purpose except the preparation, adjudication, and resolution of this action. This prohibition on use or disclosure does not mean, and will not be interpreted to require, that the party receiving documents, materials, and information designated CONFIDENTIAL is prohibited in using this information in any manner which is consistent with a specific prior or superseding right of use or disclosure.

       9.     All information designated CONFIDENTIAL may be reviewed only by the following persons:

    a. legal counsel working on this case;

    b. persons regularly employed or associated with the respective parties' legal counsel whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. the parties, including Plaintiff's and Defendants' representative(s) and any designated advisory witnesses who are directly assisting said legal counsel in the preparation of this case;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e. the Court and its employees in any proceeding herein through public filing;

f. stenographic or videographer reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses, or potential witnesses during the course of their testimony and in preparation for testimony; and

h. other persons by written agreement of the parties.

10. Before the parties or their counsel may disclose any CONFIDENTIAL information to persons contemplated by Subparagraphs 10(d), (g), and (h) of this Stipulated Protective Order, other than a witness during his or her testimony, such person shall be provided a copy of this Stipulated Protective Order.

11. The duty to keep confidential any information or documents designated as CONFIDENTIAL survives the completion of this case. CONFIDENTIAL documents shall be maintained and destroyed pursuant to normal document retention policies, so long as those policies preclude others, including the parties and their agents (other than undersigned counsel), from obtaining such documents.

12. The Court expressly directs that all litigants, their agents, employees, counsel of record, and said counsel's paralegals, employees, and associates are precluded from producing or providing CONFIDENTIAL information that is subject to this Stipulated Protective Order to any print, electronic, or news media representatives, employees, or agents and are prohibited from

4

disclosing any information contained in such documents to those individuals, unless the information has otherwise been made public by the designating party.

13.    Any item or information inadvertently furnished by the producing party or nonparty during the course of this litigation without designation of CONFIDENTIAL may nevertheless subsequently be designated as CONFIDENTIAL under this Order, but only if counsel for the producing party provides prompt written notice and requests that the receiving parties thereafter treat such information as CONFIDENTIAL under this Order. No disclosures of such inadvertently produced information shall be deemed to violate this Order if the disclosure is made prior to the receipt of notice of the producing party's designation of the information as CONFIDENTIAL. In the event that the inadvertent production of otherwise confidential information is discovered more than twenty (20) days after its production, the producing party may seek, in writing, waiver of the twenty (20) day requirement and permission to designate the information at CONFIDENTIAL. In the absence of agreement amongst the parties, the party seeking to establish a subsequent effective designation of information as CONFIDENTIAL may move the court for approval of such a subsequent designation under this paragraph. The party or parties seeking to establish the effectiveness of such a later designation of information as CONFIDENTIAL will have the burden of establishing good cause for the delay in designating, as well as the need for such designation. In determining good cause the court will consider factors of excusable neglect, inadvertence, diligence, the needs of the parties in the action, potential for undue prejudice, delay, or expense, and the equities.

14. If a party intends to use CONFIDENTIAL information at trial, said party shall specifically identify the CONFIDENTIAL information that it/he intends to introduce at trial in the Final Pretrial Order, pursuant to D.C.COLO.L.Civ.R 16.3.

15. In the event that the parties to this litigation, their counsel, or any parties who have consented to be bound to the terms of this Stipulated Protective Order, knowingly violate the terms or conditions of this Stipulated Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any contempt proceedings or an action concerning a litigant's rights to injunctive or other relief as a result of such violations.

16. The parties will continue to be bound by the terms of this Protective Order with respect to any CONFIDENTIAL document or deposition transcript referring to a CONFIDENTIAL document stored by counsel after the conclusion of this litigation. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto until Termination of This case.

17. Nothing in this Protective Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information in this action.

18. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

6

WHEREFORE, the Parties respectfully request that the Court enter the Stipulated Protective Order, submitted herewith.

Dated this 3ʳᵈ day of March 2016.

BY THE COURT:

_____
Michael J. Watanabe
Magistrate Judge

AS TO FORM:

s/ Charles R. Everett
Charles R. Everett
P.O. Box 440564
Aurora, CO  80044

*Plaintiff*

s/ Beth Ann Lennon
Beth Ann Lennon
Sherman & Howard L.L.C.
633 Seventeenth St., Suite 3000
Denver, CO  80202
Telephone:  (303) 297-2900
Facsimile:  (303) 298-0940
blennon@shermanhoward.com

Raymond M. Deeny
Sherman & Howard L.L.C.
90 S. Cascade Avenue, Suite 1500
Colorado Springs, CO  80903
Telephone:  (719) 448-4016
Facsimile:  (719) 475-2440
rdeeny@shermanhoward.com

*Attorneys for Defendant*